UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL R. WILES Jr.,

Plaintiff,

v.

MARY SCOTT,

Defendant.

CASE NO. C12-5722 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

JANUARY 11, 2013

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

The Court recommends that defendant's motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim (ECF No. 8) be denied. This action involves allegations of inadequate medical care for plaintiff's back pain. Plaintiff alleges that he sought medical care for back pain while he was at the Pierce County Jail and that defendant ignored or delayed treating plaintiff (ECF No. 4). Plaintiff also maintains that defendant provided ineffective treatment. (*Id.*).

REPORT AND RECOMMENDATION - 1

Defendant concedes that failure to exhaust all claims contained in a complaint does not preclude review of properly exhausted claims (ECF No. 10). Defendant still maintains that plaintiff did not exhaust his administrative remedies as to each of the claims raised in his complaint. *Id*.

The record that defendant has placed before the Court shows that plaintiff filed a grievance regarding the treatment he received for his back pain. After his grievance was denied (ECF No. 9, page 22), plaintiff filed a formal appeal from the response (ECF No. 9, page 23). Although a staff member filled out an "Appeal determination," the staff member, whose signature is illegible, failed to fill in the box that asked whether the appeal was denied or sustained. *Id.* Since plaintiff's requested relief was not granted, however, plaintiff's appeal was effectively denied. *Id.* This denial is the final step of the Pierce County Jail's Grievance process (ECF No. 9, Exhibit A, page 8). Further, plaintiff went beyond what the county grievance system required and filed another appeal which was also effectively denied through inaction (ECF No. 9, Exhibit C, page 24). Defendant's argument regarding failure to exhaust is without merit. The jail staff cannot at the same time argue that plaintiff received relief, when he was allegedly denied relief. So long as he completed the process, he exhausted his administrative remedies.

The remainder of the defendant's motion should be denied because she has improperly submitted medical records arguing that plaintiff cannot prove his allegations. Evidence is not ordinarily considered by the Court when ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Although the Court may go beyond the pleadings and consider evidence in determining a motion for failure to exhaust administrative remedies, this does not open the gate for the submission of other materials that are not relevant to issue of exhaustion. The Court

1  declines to convert this motion to dismiss to a motion for summary judgment without giving the
2  plaintiff the opportunity to conduct discovery.

3  STANDARDS OF REVIEW

4  A motion to dismiss for failure to exhaust administrative remedies is an unenumerated
5  Fed. R. Civ. P. 12(b) motion.  The burden of pleading and proving failure to exhaust
6  administrative remedies in the civil rights context is normally defendant's.  The Court may
7  consider evidence outside the pleading without converting the motion to a motion for summary
8  judgment.  *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003).

9  A motion to dismiss for failure to state a claim is made pursuant to Fed. R. Civ. P.
10 12(b)(6) and the standard for review is different from an unenumerated Fed. R. Civ. P. 12(b)
11 motion.

12 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss
13 a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or
14 because of the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri*
15 *v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

16 For purposes of ruling on this motion, material allegations in the complaint are taken as
17 admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295
18 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss
19 does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his
20 entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the
21 elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations
22 omitted). "Factual allegations must be enough to raise a right to relief above the speculative
23 level, on the assumption that all the allegations in the complaint are true (even if doubtful in
24

1  fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on

2  its face." *Id*. at 570.

3  DISCUSSION

4      1.    Exhaustion of administrative remedies.

5  The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever

6  administrative remedies are available to him prior to filing a complaint in federal court.  The

7  relevant portion of the act states:

8  > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the Act applies to him. *See* 42 U.S.C. §1997e(h). Pierce County has a four-step grievance process, the first step is informal resolution, the second step involves filing a "kite."  The third step requires plaintiff to file a formal grievance, and the final step requires that plaintiff file an appeal of the grievance decision (ECF No. 9, Exhibits A and B). Plaintiff filed a number of kites concerning an alleged lack of care for his back pain (ECF No. 9, Exhibit C). Thus, the record shows that plaintiff fulfilled steps one and two of the four step-grievance process. Plaintiff also filed a formal grievance, which is step three (ECF No. 9 Exhibit C, page 22 of 72). In response to a formal grievance defendant stated:

> "Ex, ch" xrayed 8-9 Called to Clinic for F/V on 8/10. Did not come to clinic- refused verbally to officer.
> Grievances are to be addressed one issue at a time this grievance addresses two issues. An appeal on the first part of the grievance is pending. See response denying that grievance. A "[sic]list of names of clinic staff is not properly addressed via kite or grievance.

1  (ECF No. 9, Exhibit C page 22 of 72).

2  In the appeal to that grievance response plaintiff stated:

3  My back pain is still extreme and I am still unable to sleep I have put in kite after kite stating that. I am unable function like I was able to before I was booked in to Jail. I have a constant burning in 2 spots of my back that does not go away caus[ing] me horrible pain and is very uncomfortable I have noted numerous times that Ibuprofen does not help the pain nor help me sleep. I have [illegible] for months. Please help me with pain.

The Jail's response was to contest plaintiff's assertions and tell him that treatment on his back was "not urgent you will be seen in priority." (ECF No. 9 Exhibit C, page 23). The staff member failed to advise plaintiff if his appeal was "denied" or "sustained," even though the form clearly called for the staff member to so indicate. *Id.* Plaintiff has appealed and received a response. The Jail's response fails to grant plaintiff what he requested. Therefore, even though the Jail failed to acknowledge that it had denied his appeal, that is effectively what happened. Therefore, plaintiff completed the Jail's grievance process.

Plaintiff filed yet another appeal stating that he had not refused to go to the clinic and had been asleep when called. Plaintiff specifically stated that nothing was done for his pain (ECF No. 9, Exhibit C, page 24). The Jail's response, like before, failed to advise plaintiff if his appeal was denied or sustained and instead told him that he would be seen at his next appointment. Again, the Jail allegedly failed to give him his requested relief. Therefore, the Court concludes that plaintiff has exhausted the grievance process. The Court recommends that the motion to dismiss for failure to exhaust administrative grievances be denied.

2. Motion to dismiss.

Defendant has submitted materials that go beyond the pleadings in support of her motion to dismiss. Fed. R. Civ. P. 12 (d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court is required either to refuse to consider the documents, or to convert the motion to dismiss into a motion for summary judgment. Defendant has submitted a number of plaintiff's medical records and treatment records, arguing that plaintiff has failed to demonstrate that defendant's alleged actions were "deliberately indifferent" to plaintiff's health and safety (ECF No. 8, page 11 – 16, *see, e.g.,* ECF No. 9, Exhibit D, "Chronological Record of Medical Care," Exhibit E "Medical Records"). Defendant's submission of medical and treatment records appears to be for the sole purpose of persuading the Court that plaintiff's claim is without merit. But that is not the purpose of a motion to dismiss. Instead, the Court is charged with evaluating the claim *as alleged* to determine if plaintiff has alleged sufficient facts to support a cognizable claim. Therefore, the submitted documents attempting to disprove plaintiff's claim will not now be considered until plaintiff has had an opportunity to conduct discovery. It is unfair to force plaintiff to defend a summary judgment motion without giving him adequate time to conduct discovery.

A motion to dismiss tests the sufficiency of the complaint. To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); and (3) causation; *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three

elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff alleges that defendant Scott is the Pierce County Jail's "supervising kite nurse," and is working for the county (ECF No. 4). This satisfies the first test – that defendant is acting under color of state law. Plaintiff alleges that defendant denied him care for severe back pain and that her actions deprived him of constitutionally mandated medical care. (*Id.*) This satisfies the second test – that defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. The allegations state a prima facie cause of action pursuant to 42 U.S.C. § 1983. The Court recommends that defendant's motion to dismiss be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 11, 2013, as noted in the caption.

Dated this 19th day of December, 2012.

_____
J. Richard Creatura
United States Magistrate Judge